

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2008

# In Re: Paul Andrew M

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Paul Andrew M " (2008). *2008 Decisions.* Paper 62.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/62

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-47                                                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4443
_____

IN RE: PAUL ANDREW MITCHELL,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civil No. 08-cv-04083)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 4, 2008

Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed on December 22, 2008)
_____

OPINION
_____

PER CURIAM

Paul Andrew Mitchell filed this pro se mandamus petition pursuant to 28 U.S.C.

§ 1651 seeking an order that the District Court immediately rule upon his motion to

intervene in a lawsuit brought to enjoin then-Senator Barack Obama from running for

President of the United States. For the reason that follows, we will deny the petition.

On September 18, 2008, Mitchell filed an "Application for Leave to Intervene and

for a Writ in the Nature of a Prohibition" in the aforementioned lawsuit. The District Court dismissed the amended complaint in that case on October 27, 2008, for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted pursuant to subsections (b)(1) and (6), respectively, of Rule 12 of the Federal Rules of Civil Procedure. In a separate order entered on the same day, the District Court dismissed as moot all pending motions in the case. Mitchell filed his petition for a writ of mandamus with this Court on November 6, 2008.

As the District Court has already done what Mitchell seeks to have this Court order it to do – rule on his motion to intervene – Mitchell's petition is moot. See In re Surrick, 338 F.3d 224, 229-30 (3d Cir. 2003) (discussing constitutional and prudential dimensions of mootness and noting that "the central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief."). Accordingly, we will deny his petition for a writ of mandamus.